**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GONZALO CALDERON, on behalf of himself and similarly situated, | ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| SIMPLY THALIA, INC. | ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff, Gonzalo Calderon, by and through his attorneys, Becerra Law Group, LLC, for his Complaint against Simply Thalia (herein "Defendant"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendant's failure to pay overtime wages to Plaintiff. A copy of Plaintiff's Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act is attached hereto as Exhibit A.)

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

### THE PARTIES

4. Plaintiff Gonzalo Calderon resides and is domiciled in this judicial district.

5. Plaintiff Gonzalo Calderon is a current employee of Defendant; he prepared sushi for Defendant's customers and washes dishes.

6. During the course of his employment, Plaintiff Gonzalo Calderon handled goods that moved in interstate commerce and performed non-exempt work.

7. Defendant Simply Thalia, Inc. does business within this judicial district. Defendant Simply Thalia, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

8. Defendant Simply Thalia, Inc. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

## FACTUAL ALLEGATIONS

9. Defendant operates a restaurant located in Block Thirty Seven Chicago, Illinois.

10. Plaintiff Gonzalo Calderon began his employment with Defendant in 2013 and is currently employed by Defendant.

11. Plaintiff Gonzalo Calderon was required to work more than 40 hours per week in certain workweeks, but was not paid the premium rate of one and one half times his regular rate for all hours worked over 40.

12. In an effort to conceal the failure to pay overtime wages, Defendant had a practice of paying Plaintiff Calderon's wages in both cash and check.

13. Other non-exempt employees were denied overtime wages at Defendants' restaurants.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

14. Plaintiff hereby realleges and incorporates paragraphs 1 through 13 of this Complaint, as if fully set forth herein.

15. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendant's failure to pay overtime wages to Plaintiff.

16. Plaintiff works for Defendant and is an "employee" of Defendant as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

17. Defendant is Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. During the course of his employment by Defendant, Plaintiff has not been exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

19. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

20. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

21. Defendant did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

22. Defendant's failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. The Court determine that this case may be maintained as a collective action;

B. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of 40 hours per week;

C. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

D. Reasonable attorneys' fees and costs incurred in filing this action; and

E.  Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law - Overtime Wages

23. Plaintiff hereby realleges and incorporates paragraphs 1 through 22 of this Complaint, as if fully set forth herein.

24. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

25. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

26. At all relevant times herein, Defendant was Plaintiff's "employer" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendant's "employee" within the meaning of that Act.

27. During the course of his employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

28. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

29. Defendant failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

30. Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

31. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the

amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

    A.    A judgment in the amount of one and one-half times Plaintiff's regular rate for all time which Plaintiff worked in excess of 40 hours per week;

    B.    Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C.    Reasonable attorneys' fees and costs incurred in filing this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: March 3, 2017　　　　**GONZALO CALDERON**

By: _s/Carlos G. Becerra_
    One of Plaintiff's Attorneys

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com